# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>    v.<br>ROBERT ERIC HOLCOMB,<br>        Defendant. | CASE NO. 16CR1408 WQH<br>ORDER |
|---|---|

HAYES, Judge:

The matter before the Court is the jurisdiction to proceed after Defendant filed a Notice of Appeal.

On June 16, 2016, a federal grand jury returned an indictment charging Defendant Robert Eric Holcomb with tax evasion, aiding or assisting in the preparation of false returns, making false statements to a financial institution, possession of an unregistered firearm, and wire fraud. (ECF No. 1). Defendant was arrested on July 12, 2016 and arraigned on the indictment.

On January 6, 2017, this Court filed an Order (ECF No. 53) denying the following motions filed by the Defendant: (1) motion to dismiss the indictment (ECF No. 27); (2) motion to dissolve the protective order (ECF No. 40); (3) motion for reconsideration (ECF No. 41); (4) motion for an injunction to suppress evidence (ECF No. 42); (5) motion for injunction to quash all IRS actions (ECF No. 43); and (6) supplemental motion to dismiss (ECF No. 44).

On January 18, 2017, Defendant filed a Notice of Appeal from the January 6, 2017 Order. (ECF No. 56). The Government filed a motion to dismiss the appeal in the

Court of Appeals on the grounds that the January 6, 2017 Order is not a final appealable order and does not fall within the collateral order exception. Defendant filed a response. The motion to dismiss the appeal remains pending in the Court of Appeals.

Jury trial is currently scheduled in this district court to begin on Tuesday, June 27, 2017. (ECF No. 65).

**RULING OF THE COURT**

In *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 388-89 (9th Cir. 1966), the Court of Appeals explained:

> The only thing that is accomplished by a proper notice of appeal is to transfer jurisdiction of a case from a district court to a court of appeals. If, by reason of defects in form or execution, a notice of appeal does not transfer jurisdiction to the court of appeals, then such jurisdiction must remain in the district court; it cannot float in the air.
>
> Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction. If the district court is in doubt as to whether the notice of appeal is inoperative by reason of some such defect, it may decline to act further until the purported appellee obtains dismissal of the appeal in the court of appeals. In the rare instance where the district court proceeds with a case under the mistaken belief that a notice of appeal is inoperative, the appellant may apply to the court of appeals for a writ of prohibition.

In *Van Cauwenberghe v. Baird*, 486 U.S. 517, 521-22 (1988) the Supreme Court Court stated,

> The courts of appeals have jurisdiction under 28 U.S.C. § 1291 of appeals "from all final decisions of the district courts ... except where a direct review may be had in the Supreme Court." A party generally may not take an appeal under § 1291 until there has been a decision by the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 633, 89 L.Ed. 911 (1945). In *Cohen v. Beneficial Industrial Loan Corp.*, *supra*, however, we recognized a "small class" of decisions that are immediately appealable under § 1291 even though the decision has not terminated the proceedings in the district court. 337 U.S., at 546, 69 S.Ct. at 1225. The Court stated that a decision is final and appealable for purposes of § 1291 if it "finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Ibid*. The Court refined the "collateral order" doctrine of *Cohen* in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S. Ct. 2454, 57 L.Ed.2d

351 (1978). In *Coopers & Lybrand*, the Court held that to come within the collateral order doctrine of *Cohen*, the order must satisfy each of three conditions: it must (1) "conclusively determine the disputed question," (2) "resolve an important issue completely separate from the merits of the action," and (3) "be effectively unreviewable on appeal from a final judgment." 437 U.S., at 468, 98 S. Ct., at 2458 (footnote omitted).

In this case, Defendant has not been convicted or sentenced. There has been no "final decision of the district court" as stated in 28 U.S.C. § 1291. The January 6, 2017 Order addressed the claims by Defendant that the district court lacks jurisdiction over him on various grounds. This district court conclusively determined the disputed questions and resolved issues completely separate from the merits of the action in the January 6, 2017 Order. However, it is clear to this district court that all of the issues addressed in the January 6, 2017 Order can be effectively reviewable on appeal from a final judgment. The January 6, 2017 Order does not come within the collateral order doctrine. This Court concludes that the notice of appeal from the January 6, 2017 Order did not transfer jurisdiction to the court of appeals and that jurisdiction remains in this court. The parties shall continue to prepare for trial.

DATED: March 28, 2017

**WILLIAM Q. HAYES**
United States District Judge