FILED

MAY 22 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 16cr1408 WQH |
| Plaintiff, | ORDER |
| v. | |
| ROBERT ERIC HOLCOMB, | |
| Defendant. | |

HAYES, Judge:

The matters before the Court are the revocation of release and the oral motion for detention made by Plaintiff United States of America at the detention hearing held on May 19, 2017.

## BACKGROUND

On June 16, 2016, the federal grand jury returned a nineteen count indictment charging Defendant Robert Eric Holcomb ("Defendant") with four counts of Tax Evasion in violation of 26 U.S.C. § 7201; five counts of Aiding or Assisting in the Preparation of False Returns in violation of 26 U.S.C. § 7206(2); four counts of Making a False Statement to a Financial Institution in violation of 18 U.S.C. § 1014; one count of Possession of an Unregistered Firearm in violation of 26 U.S.C. § 5861(d); and five counts of Wire Fraud in violation of 18 U.S.C. § 1343. (ECF No. 1). The indictment charges that Defendant, beginning in approximately 1999 and continuing through at least February 2015, engaged in conduct to defraud the United States in its revenue collecting capacity. The indictment charges that Defendant

knowingly and intentionally possessed a modified AK-47 type rifle that was not registered to him in the National Firearms Registration and Transfer Record.

On July 19, 2016, the magistrate judge issued an Amended Order and Conditions of Pretrial Release. (ECF No. 11). The magistrate judge "determined an unconditional release pursuant to 18 U.S.C. § 3142(b) is not sufficient to assure the appearance of the defendant and the safety of the community[,]" and imposed, among other restrictions, that Defendant "make all court appearances[.]" *Id.* at 1. The magistrate judge ordered that Defendant provide the Court with a cash bond in the amount of $100,000. *Id.* On January 6, 2017, the Court issued an order denying Defendant's motion to dismiss the indictment, denying Defendant's motion to dissolve the protective order, denying Defendant's motion for reconsideration of the electronic case filing order, denying Defendant's motion for an injunction to suppress evidence, denying Defendant's motion for injunction to quash all IRS actions, and denying Defendant's supplemental motion to dismiss. (ECF No. 53).

On January 18, 2017, Defendant filed a Notice of Interlocutory Appeal with the United States Court of Appeals for the Ninth Circuit, to appeal this Court's January 6, 2017 order. (ECF No. 56). On March 28, 2017, the Court issued an order stating that the Defendant's Notice of Appeal did not transfer jurisdiction to the Court of Appeals and that jurisdiction remains in this Court. (ECF No. 67). The Court ordered that "[t]he parties shall continue to prepare for trial." *Id.* at 3.

On May 8, 2017, the Court issued a minute order granting Plaintiff's motion for a status hearing. (ECF No. 70). In the minute order, the Court set a status hearing for May 12, 2017 at 2:00 PM in Courtroom 14B before Judge William Q. Hayes. *Id.* On May 10, 2017, Defendant filed a pleading titled "Judicial notice of violation of the Constitution's 'good Behaviour' clause." (ECF No. 71). In this pleading, Defendant refers to this Court's May 8, 2017 minute order, and states that he is "appearing only in writing in special appearance in regards to WILLIAM QUINN HAYES' bad faith offer to attend a nonjurisdictional status hearing[.]" *Id.* at 1 (citing ECF No. 70)

(quotation marks omitted).

On May 12, 2017, the Court held a status hearing. (ECF No. 72). Defendant did not appear at the status hearing. On May 12, 2017, the Court issued a no bail arrest warrant for Defendant. (ECF No. 73). On May 15, 2017, Defendant filed a pleading titled "Judicial notice of an act of tyranny by WILLIAM QUINN HAYES in violation of the Constitution's "good Behaviour" clause." (ECF No. 74). In this pleading, Defendant states that "when I did not physically appear WILLIAM QUINN HAYES retaliated by passing two 'Bills of Attainder' from the bench in the form of a 'NO BAIL BENCH WARRANT' (dcDE72) and an 'ARREST WARRANT ISSUED' (dcDE73) against a bloodline descendant ('Posterity') member of the 'People.'" *Id.* at 1. On May 18, 2017, Defendant was arrested. On May 19, 2017, the Court held a status hearing. (ECF No. 77).

## RULING OF THE COURT

Pursuant to 18 U.S.C. § 3148, a person who has been released under 18 U.S.C. § 3142 is subject to sanctions, including detention, for violating a condition of his release. 18 U.S.C. § 3148(b) states,

> The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>   (1) finds that there is--
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>     (B) clear and convincing evidence that the person has violated any other condition of release; and
>   (2) finds that--
>     (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a

- 3 -

16cr1408 WQH

| | danger to the safety of any other person or the community; or
(B) the person is unlikely to abide by any condition or combination of conditions of release. |
|---|---|

18 U.S.C. § 3148(b). In this case, the Amended Order and Conditions of Pretrial Release issued by the magistrate judge on July 19, 2016 ordered that Defendant "make all court appearances[.]" (ECF No. 11 at 1). The Court concludes there is clear and convincing evidence that Defendant has violated the condition of his release that he "make all court appearances" because Defendant did not appear at the May 12, 2017 status hearing. 18 U.S.C. § 3148(b)(1)(B). The Court further finds that, pursuant to 18 U.S.C. § 3148(b)(2)(B), Defendant "is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2)(B). The Court hereby revokes the Amended Order and Conditions of Pretrial Release. (ECF No. 11).

In accordance with 18 U.S.C. § 3142(f), the Court held a detention hearing on May 19, 2017 at 9:00 AM to determine whether Defendant should be held in custody pending trial. (ECF No. 77). 18 U.S.C. § 3142(e)(1) states,

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

18 U.S.C. § 3142(e)(1). "A finding that a defendant is a danger to any other person or the community must be supported by "clear and convincing evidence." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting 18 U.S.C. § 3142(f)(2)(B)).

18 U.S.C. § 3142(g) states that the Court "shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning" (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, community ties, and record concerning appearance

- 4 -

16cr1408 WQH

at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1-4). Out of these four factors, "the weight of the evidence is the least important" and the statute "neither requires nor permits a pretrial determination that the person is guilty; the evidence of guilt is relevant only in terms of the likelihood that the person will fail to appear or will pose a danger to the community." *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986) (per curiam).

Regarding the first factor, the nature and circumstances of the offense charged, the grand jury found probable cause to believe that Defendant had engaged in four counts of Tax Evasion in violation of 26 U.S.C. § 7201, with a maximum penalty of five years imprisonment, a maximum term of supervised release of three years, and a maximum fine of $250,000, or twice the gross gain or loss resulting from the offense, whichever is greater; five counts of Aiding or Assisting in the Preparation of False Returns in violation of 26 U.S.C. § 7206(2), with a maximum penalty of three years imprisonment, a maximum term of supervised release of one year, and a maximum fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greater; four counts of Making a False Statement to a Financial Institution in violation of 18 U.S.C. § 1014, with a maximum penalty of thirty years imprisonment, a maximum term of supervised release of five years, and a maximum fine of $1,000,000 per count, or twice the gross gain or gross loss resulting from the offense, whichever is greater; one count of Possession of an Unregistered Firearm in violation of 26 U.S.C. § 5861(d), with a maximum penalty of ten years imprisonment, a maximum term of supervised release of three years, and a maximum fine of $10,000; and five counts of Wire Fraud in violation of 18 U.S.C. § 1343, with a maximum penalty of twenty years imprisonment, a maximum term of supervised release of three years, and a maximum fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greater. *See* ECF No. 16 at 6-7. The Court concludes that the nature and circumstances of the charges, including the maximum imprisonment

and fines associated with each charge, are serious.

Regarding the second factor, the weight of the evidence against Defendant, the Court again notes that this factor is the least important factor set forth in 18 U.S.C. § 3142(g). The Court considers the exhibits attached to the Plaintiff's motion to continue the trial date and to declare the case complex and exclude time under the Speedy Trial Act as some evidence against Defendant proffered at this stage in the proceedings. *See* ECF No. 36.

Regarding the third factor, the history and characteristics of Defendant, the Court finds that the history and characteristics of Defendant support a finding that there is "no condition or combination of conditions will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1). Based upon Defendant's pleadings prior to the status hearing on May 12, 2017, the Court concludes there is clear and convincing evidence that Defendant was aware of the May 12, 2017 status hearing that he failed to appear at, before the hearing took place. *See* ECF No. 71 at 1. The Court further concludes that there is clear and convincing evidence that Defendant was aware of the arrest warrant issued by the Court on May 12, 2017, and that Defendant was arrested at his residence on May 18, 2017. *See* ECF No. 74 at 1. Therefore, Defendant's "record concerning appearance at court proceedings" supports a finding that "no condition or combination of conditions will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community[.]" 18 U.S.C. §§ 3142(e)(1); (g)(3)(A). While Defendant has family ties and a long period of residence in the community, the Court concludes that the third factor supports a finding of detention in this case.

Regarding the fourth factor, the nature and seriousness of the danger to any person or the community that would be posed by the person's release, the Court considers the Possession of an Unregistered Firearm charge against Defendant, and the Plaintiff's contention that on February 6, 2015, when the IRS and FBI executed a search warrant at Defendant's home, "[Defendant] was standing in the kitchen, with a

loaded Beretta pistol concealed in the pocket of his shorts." (ECF No. 36 at 3-4). The Court concludes this evidence supports a finding that the release of Defendant before trial presents a danger to the community under 18 U.S.C. 3142(g)(4).

The Court concludes that "no condition or combination of conditions will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1). Pursuant to 18 U.S.C. § 3142(e)(1) and 18 U.S.C. §§ 3148(b)(1)(B) & (b)(2)(B), the Court orders that Defendant be detained pending trial and, if convicted, sentencing in this matter.

## CONCLUSION

IT IS HEREBY ORDERED that the Amended Order and Conditions of Pretrial Release issued on July 19, 2016 (ECF No. 11) is revoked.

IT IS FURTHER ORDERED that Defendant be detained pending trial and, if convicted, sentencing in this matter.

IT IS FURTHER ORDERED that Defendant is remanded to the custody of the United States Marshal or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding. This Order is entered without prejudice.

DATED: 5/22/17

WILLIAM Q. HAYES
United States District Judge